Filed 11/14/23  P. v. Figueroa CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN FIGUEROA,<br><br>    Defendant and Appellant. | B324327<br><br>Los Angeles County<br>Super. Ct. No. LA070082 |

        APPEAL from an order of the Superior Court of Los Angeles County, Martin L. Herscovitz, Judge. Affirmed.

        Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 2013, a jury convicted defendant and appellant Brian Figueroa and his codefendant, Bronco Corzo, of the second degree murder of Justin Dunlap. (Pen Code,[1] § 187, subd. (a).) The trial court sentenced Figueroa to 30 years to life in state prison, consisting of a term of 15 years to life, doubled based on a prior strike conviction. On direct appeal, a different panel of this court affirmed the judgments against both defendants. (*People v. Corzo et al.* (Jul. 16, 2015, B254650 [nonpub. opn.].)

In 2019, Figueroa filed a petition for resentencing under section 1172.6 (former section 1170.95).[2] The trial court appointed counsel for Figueroa and issued an order to show cause. The prosecution filed a response, arguing although the jury was instructed on the natural and probable consequences doctrine (as an alternate theory to the prosecution's main argument that Figueroa was guilty of implied-malice murder), the evidence summarized in this court's opinion resolving Figueroa's direct appeal demonstrated he remained guilty of second degree murder under current law. Figueroa filed a reply arguing, among other things, the trial court should not consider

---

1    All undesignated statutory references are to the Penal Code.

2    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For the sake of simplicity, we will refer to the statute by its new code section. That section provides relief for certain individuals convicted of murder under the felony murder rule, natural and probable consequences doctrine, or any other theory of imputed-malice liability. (See § 1172.6.)

this court's opinion resolving his direct appeal, and the prosecution could not prove beyond a reasonable doubt Figueroa is guilty of murder under current law. The prosecution filed a brief clarifying that it was not *only* the facts contained in this court's opinion on direct appeal that showed Figueroa is guilty of murder under current law – it was also the evidence presented at Figueroa's trial. In its brief, the prosecution requested the trial court take judicial notice of the record from Figueroa's trial, a request the trial court ultimately granted.

After holding an evidentiary hearing, the trial court denied Figueroa relief, concluding beyond a reasonable doubt he is guilty of second degree murder under current law. Specifically, the court found Figueroa is guilty of murder under current law as a direct perpetrator (having participated in the brutal beating, along with codefendant Corzo, that led to the victim's death), and alternatively, as a direct aider and abettor who harbored the intent to kill.

Figueroa timely appealed, and we appointed counsel to represent him. On April 10, 2023, appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. We granted Figueroa's extension of time request, then, on June 14, 2023, Figueroa filed a supplemental brief.[3] In his supplemental brief, Figueroa appears to challenge the trial court's ineligibility finding as being unsupported by substantial evidence. He contends that, although he participated in the fight

---

[3] On May 30, 2023, Figueroa filed a request for new counsel, arguing his appellate counsel was ineffective in raising no issues. We denied the motion on July 5, 2023, and directed the clerk to send a copy of the motion to Figueroa's appellate counsel.

with the victim, he did so in self-defense, and he did not harbor the intent to kill. He also challenges eyewitness testimony presented against him at his original trial as being not credible. We reject these contentions and affirm the order denying Figueroa relief.

## DISCUSSION

We review the trial court's finding that Figueroa is guilty of murder under current law for substantial evidence. (See *People v. Nieber* (2022) 82 Cal.App.5th 458, 476.) In conducting this analysis, we do not substitute our own evaluation of witness credibility for that of the trial court. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) For this reason, we reject Figueroa's argument – that because the witnesses who testified he participated in the fatal beating of Dunlap were not credible – there is insufficient evidence in the record that he is guilty of murder under current law. We also note the trial court found Figueroa's testimony that the killing was committed in heat of passion not credible. We defer to that factual determination too, as we are required to do by the Supreme Court. (*Ibid.*)

Contrary to Figueroa's assertions, the record from his original trial contains evidence from which the trial court could reasonably conclude he is guilty of murder under current law. (See *Jackson v. Virginia* (1979) 443 U.S. 307, 318-319 [99 S. Ct. 2781; 61 L.Ed.2d 560] [in assessing sufficiency of the evidence, we review the record in the light most favorable to the trial court's finding, assessing whether any reasonable trier of fact could reach the finding being challenged on appeal].) "'Second degree murder is the unlawful killing of a human being with malice aforethought but without the additional elements, such as willfulness, premeditation, and deliberation, that would support

4

a conviction of first degree murder.'" (*People v. Elmore* (2014) 59 Cal.4th 121, 133.) "Thus, the mens rea required for murder is malice, express or implied." (*Ibid.*) In finding Figueroa guilty of second degree murder under current law, the trial court noted its conclusion beyond a reasonable doubt that, based on the circumstantial evidence presented, Figueroa harbored a conscious disregard for human life (i.e., committed implied malice murder).

The record supports this conclusion. As the trial court observed, several neutral witnesses testified Figueroa participated in the fatal beating of Dunlap.[4] For example, one witness testified Dunlap seemed drunk, and Figueroa and Corzo had him on the ground as they punched and kicked him in the head and chest, having rendered him defenseless almost immediately after the fight began. That witness likewise testified one of the two defendants produced a metal weapon (resembling a crowbar or police baton) and handed it to the other defendant. That defendant then struck Dunlap in the head with it 24 to 50 times. These facts reasonably support the trial court's conclusion that Figueroa is guilty of second degree murder under current law, because they show he actively participated and assisted in the killing while harboring a conscious disregard for human life. (See *In re James D.* (1981) 116 Cal.App.3d 810, 813 [substantial evidence includes circumstantial evidence and reasonable inferences based on that evidence].)[5]

---

4      Although the trial court relied on the transcripts of Figueroa's original trial in denying relief, those transcripts were not included in the record in this appeal. We therefore take judicial notice of them. (Evid. Code, § 452, subd. (d).)

5      Although we need not reach the trial court's alternate finding, namely that Figueroa is guilty of murder under current

In addition to rejecting the arguments Figueroa raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying Figueroa section 1172.6 relief is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.

---

law as a direct aider and abettor who harbored the intent to kill, we note that the facts surrounding Figueroa's participation in the victim's murder reasonably support this finding too.